# UNITED STATES DISTRICT COURT

District of     Nevada

| UNITED STATES OF AMERICA | *SECOND AMENDED* JUDGMENT |
| --- | --- |
| V. | IN A CRIMINAL CASE |
| ALAN M. BUITRE | Case Number: 2:09-cr-297-RLH-GWF |
| | USM Number: 44149-048 |
| | REBECCA ROSENSTEIN, AFPD |
| | Defendant's Attorney |

**Date of Original Judgment:** July 16, 2010
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

X    Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

     Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

     Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

     Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

     Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

     Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

     Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

     Direct Motion to District Court Pursuant    28 U.S.C. § 2255 or
     18 U.S.C. § 3559(c)(7)

     Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X    pleaded guilty to count(s)   One of the Indictment

     pleaded nolo contendere to count(s) _____
     which was accepted by the court.

     was found guilty on count(s) _____
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC § 2252A(a)(2) | Receipt of Child Pornography | 1/28/09 | 1 |

The defendant is sentenced as provided in pages 2    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     The defendant has been found not guilty on count(s) _____

X    *Sentence    as to Count Two    X is   X vacated pursuant to Decision/Order of the Ninth Circuit Court of Appeals

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 10, 2012
Date of Imposition of Judgment

*/s/ Roger L. Hunt*
Signature of Judge

ROGER L. HUNT, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

April 10, 2012
Date

DEFENDANT: ALAN M. BUITRE
CASE NUMBER: 2:09-cr-297-RLH-GWF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term   *60 MONTHS

The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

at _____ a.m. p.m. on _____ .

as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 12 p.m. on _____ .

as notified by the United States Marshal.

as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                                             (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00297-RLH-GWF   Document 47   Filed 04/10/12   Page 3 of 11

Judgment—Page 3 of 6

DEFENDANT:        ALAN M. BUITRE
CASE NUMBER:      2:09-cr-297-RLH-GWF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   **LIFE**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00297-RLH-GWF   Document 47   Filed 04/10/12   Page 4 of 11

Judgment—Page 4 of 6

DEFENDANT: ALAN M. BUITRE
CASE NUMBER: 2:09-cr-297-RLH-GWF

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

2) The defendant shall submit to the search of his person, property, or automobile under his control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

3) The defendant shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the probation officer. *(This requirement does not apply to Defendant's association with his son.)*

4) The defendant shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the probation officer.

5) The defendant shall neither possess nor have under his control any matter that is pornographic, as defined in 18 USC § 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

6) The defendant shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 USC  2256(2).

7) The defendant shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the Probation Officer. This includes any internet service provider, bulletin board, or any public or private computer network.

8) The defendant shall provide the probation officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers; the defendant shall allow the installation of any software/hardware on his computer by the probation officer, and shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                                                  (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00297-RLH-GWF   Document 47   Filed 04/10/12   Page 5 of 11

Judgment — Page __5__ of __6__

DEFENDANT: ALAN M. BUITRE
CASE NUMBER: 2:09-cr-297-RLH-GWF

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ WAIVED | $ 1,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| The Marsh Law Firm PLLC<br>Re: Amy, Misty Series<br>81 Main Street, Ste. 305<br>White Plains, NY 10601-1719 | | $1,000.00 | |
| **TOTALS** | $ | $ 1,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the    ☐ fine    ☒ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALAN M. BUITRE
CASE NUMBER: 2:09-cr-297-RLH-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ __1,200.00__ due immediately, balance due

   not later than _____ , or
   in accordance with    C,    D,    E, or    F below; or

**B**  Payment to begin immediately (may be combined with    C,    D, or    F below); or

**C**  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

   The defendant shall pay the cost of prosecution.

   The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   *(See Attached Orders of Forfeiture)*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:09-CR-297-RLH (GWF) |
| ALAN M. BUITRE, | ) ) ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on January 20, 2010, defendant ALAN M. BUITRE pled guilty to Counts One and Two of a Two-Count Criminal Indictment charging him in Count One with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2); and in Count Two with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

AND WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), this Court finds that the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Criminal Indictment and the offense to which defendant ALAN M. BUITRE pled guilty.

AND WHEREAS, the following is subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3):

    a)    a Compaq desktop computer, serial number CNY5370JD3; and

. . .

. . .

|   |   |   |
|---|---|---|
| 1 | b) | any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received; computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained. |

AND WHEREAS, by virtue of the guilty plea, the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of ALAN M. BUITRE in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, notice of intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2). This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. A copy of the petition shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

1  Daniel D. Hollingsworth
   Assistant United States Attorney
2  Michael A. Humphreys
   Assistant United States Attorney
3  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
4  Las Vegas, Nevada 89101.

5  The notice described herein need not be published in the event a Declaration of Forfeiture

6  is issued by the appropriate agency following publication of notice of seizure and intent to

7  administratively forfeit the above-described asset.

8  DATED this __4th__ day of _February_ _____, 2010.

```
                                    _____
                                    CHIEF UNITED STATES DISTRICT JUDGE
```

```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                              COUNSEL/PARTIES OF RECORD

                         JUL 16 2010

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
              BY:                          DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:09-CR-297-RLH (GWF) |
| ) | |
| ALAN M. BUITRE, ) | |
| ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

On February 4, 2010, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3), based upon the plea of guilty by defendant ALAN M. BUITRE to criminal offense, forfeiting specific property alleged in the Criminal Indictment and shown by the United States to have a requisite nexus to the offense to which defendant ALAN M. BUITRE pled guilty.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from February 10, 2010 through March 11, 2010, notifying all known third parties of their right to petition the Court.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 2253(a)(1) and (a)(3); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

    a)     a Compaq desktop computer, serial number CNY5370JD3; and

    b)     any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received; computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 15 day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

2